```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


HOADLEY ET AL.                              CIVIL ACTION

VERSUS                                      NO: 07-8958

METROPOLITAN PROPERTY AND CASUALTY          SECTION: "R"(4)
INSURANCE COMPANY
```

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this case to state court. Defendant has not opposed the motion. Because the Court finds that the jurisdictional amount is not satisfied, the Court GRANTS the motion to remand.

### I.   BACKGROUND

Hurricane Katrina damaged plaintiffs' home in New Orleans, Louisiana. On August 29, 2007, plaintiffs sued their homeowners insurer, Metropolitan Property and Casualty Insurance Company, in state court. Plaintiffs seek damages for property damage to their home, defendant's breach of contract, and damages and

penalties pursuant to La. R.S. §§ 22:1220 and 22:658.  On November 16, 2007, defendant removed the case to federal court.

## II. LEGAL STANDARDS

### A. Removal

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a).  The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. *See* 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### B. Jurisdictional Amount

Under Fifth Circuit law, if a plaintiff pleads damages less than the jurisdictional amount, this figure will generally

control and bar removal. *See Allen*, 63 F.3d at 1335. If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000, then removal is proper. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335. But if a plaintiff establishes with legal certainty that the claims are for less than $75,000, then she can defeat removal. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995).

**III. DISCUSSION**

Louisiana law prohibits plaintiffs from petitioning for a specific amount of damages, therefore plaintiffs' complaint does not contain an explicit monetary demand. *See Manguno*, 276 F.3d at 723 (citing La. Code Civ. P. art. 893(A)(1)). Plaintiffs specify only that defendant has failed to pay them the full value of their claim for damages. Plaintiffs have also attached to their motion to remand a stipulation that attests that the maximum damages they seek against defendant do not exceed $75,000 and that they will not execute a judgment returned against defendant in excess of $75,000. (Pl.'s Mot. Remand, R. Doc. 5-3).

Defendant's notice of removal alleges that the amount in controversy exceeds $75,000 because the coverage limits on the property are higher than that amount. However, plaintiffs did

not allege in their petition that they are entitled to the full value of their policy or that their property was rendered a total loss.  Based on the record, the Court finds that defendant has failed to carry its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Hence, the Court lacks diversity jurisdiction.

**III. CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiffs' motion to remand.

New Orleans, Louisiana, this __17th__ day of January, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE